WRIGHT, J.
The real question is, where does the land described in the deed, in fact, lie ? That can only be proven by persons acquainted with it. It is not perceived that the deeds referred to as bounding the three thousand nine hundred acres, have any bearing on the question now before us. We think the evidence competent. The effect of it, or how it may be rebutted, we will decide when the questions touching either properly arise.
The plaintiff having rested, the defendant offered a recorder’s copy of a deed to himself for the same land, dated in December,, 1805, with evidence to prove,
1. That record book D, in Trumbull county, was never in Trumbull county until the record of the plaintiff’s deed was made.
2. That the record was made in Hartford, in Connecticut, where it was acknowledged, in April, 1801, and was brought to Trumbull county in July afterwards.
He stated his object to be to move to overrule the certificate of the recorder as to the plaintiff’s title, because inasmrich as the book was a foreign book, it had no validity as a record; and, therefore, that the certificate of the present recorder to a mere matter of history, is no evidence; and because such recording out of the state was fraudulent.
It was agreed that Edwards, by whom the record appeared to have been made, was appointed recorder in 1800, and for the convenience of the proprietors of the Reserve, then all in the county of Trumbull, procured a book at Hartford in Connecticut, and there recorded the deed in question with many others, in order to save *720 the trouble of bringing the deeds to Ohio, and transmitting them back again. The book so filled, had ever since remained in the Trumbull county recorder’s office, and has been used as the only ■book of records of those deeds.
WRIGHT, J. The act establishing recorder’s offices, adopted by the territorial governor and judges from Pennsylvania, which took effect the 1st of August, 1795, provided for establishing “ offices ■of record in every county, t.o be called the recorder’s office,” and for the appointment of a recorder in each county for the recording of ■deeds, whose office was required to be kept in some convenient place in the county: (1 Ch. O. L. 167.) Trumbull county was -erected in 1800, and a recorder was appointed in the same year. Most of the conveyances parcelling out the whole Connecticut Reserve, were at Hartford in Connecticut, where the company who purchased that tract transacted their business. The recorder of Trumbull, for his own convenience and that of the proprietors, opened a book there and recorded these deeds, and then brought the book to his office. Whatever might be objected to such a course while the book remained out of the office, where rights depended upon constructive notice, we are not now called to determine; the question only requires us to consider whether from the time the book was placed in the recorder’s office, it became a record of deeds in the county ? We think it did. Suppose the office on the line of the state, as in Cincinnati, and the recorder should cross the river during sickness or for other cause, for several days, and take with him a record book and unrecorded deeds, and record them while absent, would they not be records ? It will hardly be disputed. What then is there of fraud in the transaction ? We do not see, nor what there is in violation of the law.
The act of June, 1831 (29 O. L. 345), gives the recorder a seal, and makes it his duty to certify under his seal, copies “ of any record in. his office,” when required. Another act of the same year (29 O. L. 349) makes copies from the records of the deeds duly certified by the recorder under seal,prima facie evidence of the existence of such deed, and conclusive evidence of the existence of the record. 696] *The recorder here has duly certified, and under the law last cited, are we not bound to receive this certificate as conclusive evidence of the record? The law is express. If he had certified the facts we might judge of them, but he has certified the record.
The evidence is overruled.
The defendant then offered evidence of a conveyance by Phelps to one Lynd of the same land, dated in 1805.
*721 Yerdict and judgment for the defendant,
[Lloyd's Lessee v. Giddings, 7 O. 2d pt. 50, is on other points.]